UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
                DWAYNE SMITH
                                    Plaintiff

                                    Civil Action Number 13 CV 4366
             v.
                                    **AMENDED COMPLAINT**
                                    Under the Civil Rights Act,
                                    42 U.S.C. § 1983
THE CITY OF NEW YORK
NYC POLICE DETECTIVE BRIAN MCSWEENEY (Tax No. 930711)
(Individually and in an official capacity)
NYC CORRECTIONS COMMISSIONER DORA B. SCHRIRO (Individually
and in an official capacity)
NYC CORRECTIONS OFFICER JOHN DOE (fictitious name) (Individually
and in an official capacity)

                                    Defendants
-------------------------------------------------

1. Now comes the Plaintiff, Dwayne Smith, by and through his attorney, Lawrence P. LaBrew, Esq., of the Law Office of Lawrence LaBrew, and complaining against Defendant New York City Police Detective Brian McSweeney, Tax No. 930711 (in an individual capacity and in an official capacity), New York City Department of Corrections Commissioner Dora B. Schriro (in an individual capacity and in an official capacity), New York City Department of Corrections Employee John Doe (in an individual capacity and in an official capacity) and The City of New York, and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth, Eighth, and Fourteenth

Amendments to the Constitution of the United States, the Due Process Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because this is where the events complained of occurred, and the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff, Dwayne Smith, is a citizen of the United States residing in Kings County, New York City, in the United States of America.

7. Defendant New York City Police Detective Brian McSweeney, Tax Number 930711, at the time of the incident, was employed as a NYC Police Detective by the City of New York -- a municipal corporation and governmental subdivision of the State of New York. Defendant Police Detective Brian McSweeney is being sued

individually and in an official capacity.

8. Defendant Dora B. Schriro is the Commissioner of the New York City Department of Corrections of the City of New York - a municipal corporation and governmental subdivision of the State of New York. Defendant Dora B. Schriro is being sued individually and in an official capacity.

9. NYC Corrections Officer John Doe (fictitious name) is an employee of the New York City Department of Corrections and is being sued in an individual capacity and in an official capacity.

10. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

11. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City, and under the authority of their office as a Commissioner of the New York City Department of Corrections for the City of New York.

## FACTS

12. On 11 December 2008 Mr. Dwayne Smith was arrested (Arrest Number K08708615) inside of 33 Saratoga Avenue, Apartment 13C, in Brooklyn New York. Mr. Dwayne Smith was an overnight guest at the location who had been playing video games at the location the

night prior to being arrested inside the location.

13. The Police had a search warrant for the location at 33 Saratoga Avenue, Apartment 13C, in Brooklyn New York. Mr. Dwayne Smith was not named in the search warrant, he was not a target of the search warrant, and there were no underlying facts linking Mr. Dwayne Smith to any of the allegations in the search warrant. The search warrant, and the search warrant affidavit, did not mention Mr. Dwayne Smith or allege that Mr. Dwayne Smith was involved in, or had committed, any criminal offense or violation of any law, statute, ordinance, or rule. Mr. Kashman Rogers was the target of the search warrant, and Mr. Kashman Rogers resided at the apartment at 33 Saratoga Avenue, Apartment 13C, in Brooklyn New York, with his family.

14. Mr. Dwayne Smith had no knowledge of any illegal activity taking place at 33 Saratoga Avenue, Apartment 13C, in Brooklyn New York, Mr. Dwayne Smith was not committing any crime - or engaged in committing any criminal offense at the time of his arrest, and no contraband, controlled substances, narcotic drugs, or weapons were on Mr. Smith's person, in his possession, or in plain view in the apartment when Mr. Dwayne Smith was arrested.

15. Bail was set when Mr. Dwayne Smith appeared in Court, and Mr. Dwayne Smith was indicted in New York County (under Indictment # 06156N-2008).

16. Mr. Dwayne Smith was in the custody of the New York City

Department of Corrections until his case was dismissed on the merits because the Prosecution violated the New York State Prosecutorial Readiness Rule by failing to be ready for trial within a reasonable amount of time after the criminal action was commenced.

17. During the pendency of the case involving Indictment # 06156N-2008, Mr. Dwayne Smith's provided a buccal swab so that a DNA test could be conducted. The test was completed, and no DNA evidence was found linking Mr. Dwayne Smith to any of the weapons or other contraband. In addition, there was no forensic evidence linking Mr. Dwayne Smith to any of the contraband recovered at the location or outside of the location.

18. Plaintiff states that he was attacked by another inmate while Plaintiff was a pre-trial detainee in the custody of the New York City Department of Corrections.

19. Plaintiff states that a New York City Corrections Officer sprayed mace in Plaintiff's face for no reason. Plaintiff states that he suffered substantial pain, burning to his eyes, and Plaintiff's vision was temporarily affected by the actions of the New York City Corrections Officer.

20. Plaintiff Dwayne Smith states that actions of the Defendant New York City Correction Officials ensured that Plaintiff Smith was not in a safe, secure correctional facility and that order was not maintained in said facility in violation of clearly

established New York State Law.

21. Plaintiff states that the Defendant City of New York is liable because Defendant New York City Correction Officials, Defendant New York City Police Detective Brian McSweeney, received deliberately indifferent training and supervision.

22. Plaintiff states that the City of New York failed to provide adequate guidelines for the Defendants execution of their respective duties as agents of the City of New York in this case.

## COUNT ONE

23. Plaintiff re-alleges paragraphs 1 through 22 as though set forth in full here.

24. The Plaintiff states that he was illegally seized, searched, arrested, and falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer Brian McSweeney on or about 11 December 2008.

25. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest and imprison the Plaintiff because on 11 December 2008, because he was committing no crime or criminal offense on the date in question.

26. Defendant Police Officer also did not have an arrest warrant to arrest the Plaintiff on or about 11 December 2008, and the Plaintiff was not a target of the search warrant or mentioned

in the search warrant affidavit when he was arrest on 11 December 2008.

27. Plaintiff states that he was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

28. Plaintiff states that the intentional conduct of the Defendant Police Detective "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

29. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when he was arrested on 11 December 2008, and the Plaintiff was not in possession of any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

30. Plaintiff states that the City of New York's failure to properly train Defendant Police Detective McSweeney concerning the proper procedure for making an arrest was directly linked, or closely related, to Defendant McSweeney's arrest of Plaintiff Dwayne Smith.

31. Plaintiff states that the City of New York's failure to adopt a policy with regard to arresting individuals in their residence was directly linked to the Plaintiff's arrest, because the

consequences of failing to adopt a policy led to the violation of Plaintiff Dwayne Smith's fundamental constitutional rights.

32. Plaintiff states that it is the custom of the New York City Police Department to arrest all minority males, under the age of thirty five – at a location – when they execute search warrants at the residence of minorities residing in New York City Public Housing.

33. As a direct and proximate result of the wrongful conduct of the Defendant Police Detective as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant Police Detective as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Detective for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO

34. Plaintiff re-alleges paragraphs 1 through 33 as though set forth in full here.

35. Plaintiff states that the Defendant New York City Police Detective McSweeney denied the Plaintiff substantive due process, and that the intentional conduct of the New York City Police Officer McSweeney "shocks the conscience".

36. The Plaintiff states the Defendant New York City Police Detective McSweeney conducted a reckless investigation because Mr. Dwayne Smith had no connection whatsoever to the long-term investigation that the Detective had allegedly been engaged in regarding the sale of controlled substances. The Plaintiff was an innocent bystander when the Police forced their way into the apartment in question.

37. Plaintiff states that Defendant Police Detective McSweeney conducted a reckless criminal investigation - or no investigation at all - that shocks the conscience.

38. Plaintiff states that the City of New York's failure to properly train Defendant Police Detective McSweeney concerning the proper procedure for investigating crime, and arresting individuals, was directly linked, or closely related, to

Defendant McSweeney's arrest of Plaintiff Dwayne Smith.

39. Plaintiff states that it is the custom of the New York City Police Department to arrest all minority males, under the age of thirty five – at a location – without conducting an investigation if the individual is a young minority.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT THREE

40. Plaintiff re-alleges paragraphs 1 through 39 as though set forth in full here.

41. Plaintiff states that the City of New York was deliberately

indifferent, and failed to properly train or supervise the Defendant New York City Police Detective McSweeney.

42. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations where search warrants will be executed at apartments and innocent bystanders may be present.

43. Plaintiff states that the Defendant in this case were not properly trained. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Detective McSweeney to understand that one has to ascertain the status of innocent individuals who may be present when a search warrant is executed in order to insure that innocent people are not subject to the imprisonment - while awaiting trial - for crimes that they did not commit.

44. Plaintiff states that the Defendant City of New York is liable because Defendant New York City Correction Officials, Defendant New York City Police Detective Brian McSweeney, received deliberately indifferent training and supervision.

45. Plaintiff states that the City of New York failed to provide adequate guidelines for the Defendants execution of their respective duties as agents of the City of New York in this case.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount

of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FOUR

46. Plaintiff re-alleges paragraphs 1 through 45 as though set forth in full here.

47. The Plaintiff states that he was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

48. The Plaintiff states that he was deprived of his liberty on 11 December 2008 when he was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime.

49. The Plaintiff states that he was forced to come to Court on every court date regarding the afore-mentioned arrest, and that the Plaintiff was incarcerated within the New York City Department of Corrections until June of 2011 when the case was dismissed on the merits.

50. The Plaintiff states that there was no evidence to show that the Plaintiff had committed any crime when he was arrested on 11

December 2008.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FIVE

51. Plaintiff re-alleges paragraphs 1 through 50 as though set forth in full here.

52. Plaintiff states that Defendant New York City Corrections Commissioner, and The City of New York were deliberately indifferent to the prison conditions at the New York City Department of Corrections where the Plaintiff was confined, and failed to protect the Plaintiff, even thought Plaintiff made NYC Correction Officers aware of the conditions at said location.

53. Plaintiff also states the City of New York and the NYC Department of Corrections Commissioner failed to ensure that NYC Corrections Officers were properly trained in regards to the allegations in Count Five of this complaint.

54. Plaintiff states that he was attacked by other inmates while in the custody of the New York City Department of Corrections. Plaintiff states that he told Correction Officials that he needed to be moved so that he would not be attacked again.

55. Plaintiff Dwayne Smith states that New York City Correction Officer John Doe was aware that the Plaintiff Dwayne Smith had been attacked by another inmate because the Defendant was informed of this act by the Plaintiff.

56. Plaintiff Dwayne Smith states that New York City Department of Corrections Employee John Doe was aware that the inmate who attacked Plaintiff Dwayne Smith was living in the same area as Plaintiff Dwayne Smith, because the Defendant was informed of this act by the Plaintiff.

57. Plaintiff Dwayne Smith states that NYC Correction Officer John Doe failed to move Plaintiff Dwayne Smith to a safe area in the New York City Correctional Facility where Plaintiff was housed thereby fostering another attack on Plaintiff Dwayne Smith by the inmate in question.

58. Plaintiff states that NYC Correction Officer John Doe refused to move the Plaintiff and Plaintiff was attacked again and injured by the same inmate that had attacked the Plaintiff in the past.

59. Plaintiff Dwayne Smith states that the afore-mentioned attack, by the afore-mentioned inmate, was not isolated and that

the New York City Department of Corrections had notice of the dangerous condition.

60. Plaintiff also states that he was sprayed with mace by a New York City Department of Corrections Employee for no reason.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of ten (10,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (5,000,000.00) million dollars as will sufficiently punish Defendant Correction Employees for their willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Lawrence P. LaBrew, Esq. (LL4455)
Law Office of Lawrence LaBrew
lawrencelabrew@verizon.net
Attorney for Plaintiff Dwayne Smith
160 Broadway Suite 600 6th FL
New York, New York 10038
Tel (212) 385-7500

Date: 31 October 2013
      New York, New York